**BRADSTONE RUBBER CO. v. COE, Commissioner of Patents.**

No. 2305.

District Court of the United States for the District of Columbia.

June 21, 1940.

Barry & Cyr, of Washington, D. C., and Robert E. Barry and Armand A. Cyr, both of Washington, D. C., for plaintiff.

W. W. Cochran, Sol. of Patents, of Washington, D. C., for defendant.

BAILEY, Associate Justice.

### Findings of Fact.

1. This is an action under Section 4915, R.S., U.S.C., title 35, sec. 63, 35 U.S.C.A. § 63, in which plaintiff seeks to have the court authorize the Commissioner of Patents to register to plaintiff a trade-mark on plaintiff's application No. 365,509, filed on May 28, 1935, under the Trade-Mark Act of February 20, 1905, U.S.C., title 15, sec. 81 et seq., 15 U.S.C.A. § 81 et seq.

2. Plaintiff seeks registration of a mark consisting of a green circular figure, or disc, for use in connection with rubber soles and rubber heels.

3. In its application plaintiff alleged use of the mark on rubber heels and rubber soles since May 21, 1935.

4. Plaintiff's application was indicated as allowable by the Primary Examiner of Trade Marks on July 5, 1935, subject to opposition, and the mark was passed for publication.

5. Plaintiff's application for registration was opposed in the United States Patent Office by the Mishawaka Rubber and Woolen Manufacturing Company in an opposition proceeding No. 15,062.

6. In the opposition proceedings plaintiff and the opposer filed a stipulation containing, among others, the following paragraphs:

"3. That Exhibit No. 1 attached hereto is a catalog of Opposer for the years 1935 and 1936 and illustrates and describes goods of the character upon which Opposer

has used its red circular figure trade mark in inter-states and foreign trade for a great many years prior to the adoption and use of the mark for which Applicant seeks registration and upon which Opposer is still using its said red circular figure trade mark in inter-state and foreign trade and those illustrations in said catalog on which a red circular mark appears are representative of the manner in which Opposer has used and is using its red circular figure trade mark on the illustrated goods.

"4. Opposer manufactures heels, with its red circular trade-mark thereon, separate from its boots and shoes, and subsequently attaches the heels to the boots and shoes, but has never sold heels separately with its red circular trade mark thereon, to customers in this country.

"8. Opposer is not aware of any actual confusion in trade between the goods of Applicant bearing the mark of the Bradstone application here in Opposition and the goods of Opposer.

"9. Opposer has never used a green disc as a trade-mark on its goods.

"10. Applicant has made and sold heels, each bearing a red circular mark with a duck design thereon, and also heels each bearing a green circular mark with a duck design thereon, but discontinued the use of a red disc trade-mark since receiving notice from Opposer of its trade-mark registration No. 36,471."

7. The Examiner of Trade Mark Interferences dismissed the opposition and adjudged that plaintiff was entitled to the registration for which it made application.

8. On appeal by opposer, the Commissioner of Patents affirmed the dismissal of the opposition on the ground that the opposer's notice of opposition was fatally defective in that it did not make allegations sufficient to sustain the opposition. In his decision the Commissioner held plaintiff not entitled to a registration of the mark, in view of the admissions made by plaintiff in the stipulation and on the ground that the mark is confusingly similar to the mark covered by a previous registration No. 36,471.

9. On May 28, 1901, said registration No. 36,471 was issued to the Mishawaka Woolen Manufacturing Company. The trade-mark covered by this registration consists of a red circular figure for use on rubber boots and shoes and other specified goods. This registration was renewed to the Mishawaka Rubber and Woolen Manufacturing Company.

10. The form and location of the mark as used by plaintiff on rubber heels are substantially the same as the form and location of the mark previously used by the Mishawaka Rubber and Woolen Manufacturing Company on rubber heels attached to shoes, and shown on pages 30 and 32 of the catalog referred to in the stipulation. The marks differ only in color.

11. The Mishawaka Rubber and Woolen Manufacturing Company and its predecessor the Mishawaka Woolen Manufacturing Company have used their red circular figure trade-mark in interstate and foreign trade for a great many years prior to the adoption and use by plaintiff of the mark consisting of a green circular figure for which it seeks registration.

## Conclusions of Law.

1. Rubber heels and soles, in connection with which plaintiff uses the mark, and shoes having rubber heels and soles, in connection with which the Mishawaka Rubber and Woolen Manufacturing Company uses its mark, are goods of the same descriptive properties.

2. To justify the refusal to register a trade-mark on the ground that it so nearly resembles a registered or known trade-mark owned and in use by another as to be likely to cause confusion or mistake in the mind of the public, it is not necessary to show that confusion has actually occurred.

3. The mark for which plaintiff seeks registration so nearly resembles the mark covered by registration No. 36,471, owned and in use by the Mishawaka Rubber and Woolen Manufacturing Company and appropriated to goods of the same descriptive properties as to be likely to cause confusion or mistake in the mind of the public or to deceive purchasers.

4. Plaintiff is not entitled to the registration sought in the application here involved.

5. The complaint should be dismissed.